UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

DARRELL GUNN,

                         Plaintiff,

    v.                                         No. 20-CV-2681 (KMK)

CORRECTION OFFICER THOMAS                      ORDER
MILANI.

                        Defendant.

---

KENNETH M. KARAS, United States District Judge:

Pro se Plaintiff Darrell Gunn ("Plaintiff") brings this Action pursuant to 42 U.S.C. § 1983 against Correction Officer Thomas Milani ("Defendant"), alleging that Defendant violated Plaintiff's First Amendment rights when Defendant placed Plaintiff in a keeplock (a form of disciplinary confinement) in direct retaliation for filing grievances. (*See* Am. Compl. 3–4, 13–17 (Dkt. No. 28).)

Before the Court is Plaintiff's application to the Court for appointment of pro bono counsel. (*See* Pl.'s Mot. for Appointment of Counsel (the "Motion") (Dkt. No. 68).) For the following reasons, Plaintiff's request is granted.

I.  Background

On September 9, 2024, the Court issued an Opinion and Order denying Defendant's Motion for Summary Judgment on Plaintiff's First Amendment retaliation claim. (Dkt. No. 63 at 25.) On November 18, 2024, the Court held a status conference wherein the Parties represented that the Action was ready to proceed to trial. (*See* Dkt. (Minute Entry for Nov. 18, 2024).) At the status conference, after Plaintiff orally requested that the Court appoint pro bono counsel for

the purposes of trial, the Court directed Plaintiff to file a formal application for counsel.  (*Id.*)  Plaintiff filed the instant Motion on November 25, 2024.  (Dkt. No. 68.)

## II.  Discussion

### A.  Legal Standard

Although there is not a constitutional right to counsel in civil cases, the Court has the authority to appoint counsel for indigent parties.  *See* 28 U.S.C. § 1915(e)(1).  Yet, "[b]road discretion lies with the district judge in deciding whether to appoint counsel pursuant to this provision."  *Hodge v. Police Officers*, 802 F.2d 58, 60 (2d Cir. 1986).  When analyzing whether appointment of counsel is appropriate, the Court should undertake a two-step inquiry.  *See Ferrelli v. River Manor Health Care Ctr.*, 323 F.3d 196, 203–04 (2d Cir. 2003).  First, the Court "'should . . . determine whether the indigent's position seems likely to be of substance.'"  *Id.* at 203 (quoting *Hodge*, 802 F.2d at 61); *see also Johnston v. Maha*, 606 F.3d 39, 41 (2d Cir. 2010) ("This Court considers motions for appointment of counsel by asking first whether the claimant has met a threshold showing of some likelihood of merit." (internal quotation marks omitted)).  In other words, the claim must not be so "highly dubious" that the plaintiff appears to have no chance of success.  *Hodge*, 802 F.2d at 60 (internal quotation marks omitted).  In making this determination, the Court construes pleadings drafted by pro se litigants liberally and interprets them "to raise the strongest arguments that they suggest."  *See Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006) (emphasis omitted); *Sommersett v. City of New York,* 679 F. Supp. 2d 468, 472 (S.D.N.Y. 2010).

If the threshold requirement is met, the Court should proceed to consider other prudential factors such as:

> the indigent's ability to investigate the crucial facts, whether conflicting evidence implicating the need for cross-examination will be the major proof presented [to

> the fact finder], the indigent's ability to present the case, the complexity of the legal issues and any special reason . . . why appointment of counsel would be more likely to lead to a just determination.

*Ferrelli*, 323 F.3d at 203–04 (quoting *Hodge*, 802 F.2d at 61–62); *see also Cooper v. A. Sargenti Co., Inc.*, 877 F.2d 170, 172 (2d Cir. 1989) (listing factors courts should consider, including the litigant's efforts to obtain counsel).

In considering these factors, district courts should neither apply bright-line rules nor automatically deny the request for counsel until the application has survived a dispositive motion. *See Hendricks v. Coughlin*, 114 F.3d 390, 392–93 (2d Cir. 1997). Rather, "each [application] must be decided on its own facts." *See Hodge*, 802 F.2d at 61; *see also Norman v. Doe*, No. 17-CV-9174, 2020 WL 6808854, at *1 (S.D.N.Y. Nov. 19, 2020).

B. <u>Analysis</u>

As a threshold matter, the Court notes that Plaintiff is already proceeding in forma pauperis after then Chief Judge Colleen McMahon granted his application on June 25, 2020. (*See* Dkt. Nos. 1, 6.) Thus, "as Plaintiff is an indigent litigant, he qualifies for appointment of pro bono counsel under 28 U.S.C. § 1915(e)(1)." *Joseph v. Elberth*, No. 18-CV-7197, 2022 WL 901661, at *2 (S.D.N.Y. Mar. 25, 2022).

The Court also finds that the *Hodge* factors weigh in favor of granting the Motion. First, Court finds that Plaintiff's claim is "likely to be of substance," *Hodge*, 802 F.2d at 61–62, as it "ha[s] survived Defendant['s] motion for summary judgment," *Falls v. Pitt*, No. 16-CV-8863, 2022 WL 2162983, at *2 (S.D.N.Y. May 6, 2022) (quoting *Williams v. N.Y.C. Dep't of Corr.*, No. 19-CV-3347, 2022 WL 1125285, at *2 (S.D.N.Y. Apr. 14, 2022)); *see also Joseph*, 2022 WL 901661, at *2 (finding a claim "proceeding to trial before a jury[] is likely to be of substance" (internal quotation marks omitted)).

The Court similarly finds the other *Hodge* factors weigh in favor of granting the Motion. "Counsel's assistance will help Plaintiff select a jury, cross-examine witnesses, and otherwise effectively prosecute his case, and will 'lead to a quicker and more just result by sharpening the issues and shaping examination.'" *Williams*, 2022 WL 1125285, at *2 (quoting *Hodge*, 802 F.2d at 61); *see also Drayton v. Young*, No. 17-CV-5440, 2020 WL 9458906, at *1 (S.D.N.Y. Nov. 24, 2020) (same). Specifically, with regard to cross examination, "there will likely be conflicting evidence presented at the forthcoming jury trial that will implicate the need for cross-examination . . . , which ultimately would be essential for proving liability and relevant to support Plaintiff's damages claim." *Joseph*, 2022 WL 901661, at *2; *see also Brown v. Longe*, No. 19-CV-03375, 2023 WL 4548635, at *2 (S.D.N.Y. July 14, 2023) (granting motion to appoint counsel where "[p]laintiffs are also likely to encounter difficulties in litigating this case on their own," as "they will have to cross examine police officers concerning the details of their arrest and otherwise present evidence to a jury").

As to Plaintiff's "ability and efforts to obtain counsel," however, *Miranda v. City of New York*, No. 14-CV-210, 2016 WL 1317952, at *2 (S.D.N.Y. Apr. 1, 2016), in his Motion, Plaintiff makes no mention of any prior effort to obtain counsel. This factor thus weighs against granting Plaintiff's application. *Culbreth v. Orange Cnty. Jail*, No. 24-CV-75, 2024 WL 1178850, at *2 (S.D.N.Y. Mar. 19, 2024) (denying motion where "[p]laintiff d[id] not explain whether he ha[d] sought to obtain counsel in this matter before asking the Court to appoint counsel"); *Akinlawon v. Polonco*, No. 21-CV-2621, 2023 WL 8772672, at *2 (S.D.N.Y. Dec. 19, 2023) (same).

However, the Second Circuit has noted that not "all, or indeed any, of the factors must be controlling in a particular case." *Hodge*, 802 F.2d at 61. Instead, "[e]ach case must be decided on its own facts." *Id.*; *see Drayton*, 2020 WL 9458906, at *1 ("In considering [the *Hodge*]

4

factors, district courts should [not] apply bright-line rules." (citing *Hendricks*, 114 F.3d at 393)). Given that the bulk of the *Hodge* factors weigh in Plaintiff's favor, the Court concludes that "the appointment of counsel in the context of the specific circumstances of this case at this juncture is appropriate and such appointment will facilitate Plaintiff's ability to deal with the complexities of potential motions as well as trial." *Falls*, 2022 WL 2162983, at *2 (quoting *Hall v. Potter*, No. 06-CV-5003, 2013 WL 12347144, at *2 (E.D.N.Y. Nov. 4, 2013)).  The Court will therefore grant the Motion and request that counsel appear to represent Plaintiff at his upcoming trial, which is likely to take place sometime in 2025.

Under the Court's Standing Order regarding the Creation and Administration of the Pro Bono Fund (16-MC-0078), pro bono counsel may apply to the Court for reimbursement of certain out-of-pocket expenses spent in litigating Plaintiff's case.  The Pro Bono Fund is especially intended for attorneys for whom pro bono service is a financial hardship.  *See* http://www.nysd.circ2.dcn/docs/prose/pro_bono_fund_order.pdf.

Pro bono counsel will not be obligated for any aspect of Plaintiff's representation beyond the matters described in this Order.  Absent an expansion of the scope of pro bono counsel's representation, pro bono counsel's representation of Plaintiff will end upon completion of the trial, but, of course, counsel would be free to represent Plaintiff on appeal.

Upon the filing by pro bono counsel of a Notice of Completion, the representation by pro bono counsel of Plaintiff in this matter will terminate, and pro bono counsel will have no further obligations or responsibilities to Plaintiff or to the Court in this matter.

### III.  Conclusion

For the foregoing reasons, Plaintiff's Motion is granted.  The Clerk of Court is directed to attempt to locate pro bono counsel to represent Plaintiff at his upcoming trial described above.

The Court advises Plaintiff that there are no funds to retain counsel in civil cases and the Court relies on volunteers. Due to a scarcity of volunteer attorneys, a lengthy period of time may pass before counsel volunteers to represent Plaintiff. If an attorney volunteers, the attorney will contact Plaintiff directly. There is no guarantee, however, that a volunteer attorney will decide to take the case, and Plaintiff should be prepared to proceed with the case without an attorney.

SO ORDERED.

Dated:   December 10, 2024
         White Plains, New York

                                            KENNETH M. KARAS
                                            United States District Judge